**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TANIA NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 17-CV-346-SPS |
| | ) |
| USI SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Tania Nelson ("Nelson"), and for her cause of action, against USI Solutions, Inc. ("USI") alleges and states as follows:

## INTRODUCTION

**1.**     Nelson brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368, 372 (2012).

**2.**     This is an action for injunctive relief, statutory damages, and actual damages based on unlawful prerecorded calls in violation of the federal Telephone Consumer Protection Act of 1991 ("TCPA").

**3.**   Nelson is an individual residing in Broken Bow, McCurtain County, Oklahoma.

**4.**   Upon information and belief, USI is a for-profit foreign corporation with its principal place of business located in Bristol, Pennsylvania.  USI is in the business of debt collection.

**5.**   The events described herein relate to unlawful debt collection calls to Nelson's personal cell phone, which were received by Nelson in McCurtain County, Oklahoma.

**6.**     The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368 (2012).

**7.** On July 26, 2016, Nelson received a prerecorded voice call on her personal cell phone from USI.

**8.** Each prerecorded message identified USI as the caller, that it was a debt collector, and requested a call back at a number it provided.

**9.** For each of the calls complained of in this lawsuit, there was not a live representative available when the call was initiated.  Instead, even those times where Nelson answered the phone, it was a prerecorded message from USI seeking a call back.

**10.** On August 3, 6, September 21, and 22, 2016, Nelson received additional prerecorded voice calls on her personal cell phone from USI.

**11.** On September 29, 2016, Nelson received a prerecorded message call on her personal cell phone.

**12.** On September 29, 2016, Nelson returned USI's call but was not able to speak with an agent.

**13.** On October 3, 2016, USI again called Nelson's cell phone with a pre-recorded message.

**14.** On October 3, 2016, Nelson again called USI back and determined that USI was attempting to collect a debt owed by her husband related to a Texaco credit card and for which she had no liability.  Nelson had no relationship with USI or the originating creditor of the Texaco credit card.

**15.** Nelson notified USI that this was her cell phone, the debt was not hers, and asked USI to stop calling her cell phone but the calls persisted.

**16.** At no time had Nelson provided USI, the originating creditor, or any previous debt collectors prior written consent to call her cell phone or make prerecorded calls to her cell phone.

**17.** USI did not stop calling.  Instead it called with prerecorded messages on October 10, 13, 14, 21, 24, 26, November 3, 4, 7, 8, 9, 10, 15, 16, 17, 21, 22, 23, 28, 29, December 1, 2, 5, 6, 12,

13, 14, twice on the 19th, 20, 21, 22, 26, and 27 of 2016.  Additional calls occurred in 2017 on January 2 and two calls on January 3.

18. USI finally stopped calling Nelson after she called USI again in January of 2017, spoke with another USI representative and asked them to cease and desist.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"),**
**47 U.S.C. § 227(b):**

19. Nelson restates and re-alleges Paragraphs 1 through 15 as if fully set forth herein.

20. Defendant initiated 44 calls described herein  with an automatic dialer to Nelson's cellular telephone service and/or delivered a prerecorded message without Nelson's prior written consent, and therefore constitutes forty-four (44) violations of 47 USC § 227(b)(1)(A)(iii). *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

21. Each of these calls was a nuisance and invaded the very privacy and solitude that the TCPA was intended to protect and caused injury to her by violating her right to privacy. Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

22. Nelson is entitled as a matter of law to obtain an injunction prohibiting Defendant from committing further violations of 47 USC § 227(b)(1)(A)(iii) and the recovery of the greater of actual damages or $500.00 for each of the 44 violations enumerated abo, as prescribed under 47 USC § 227(b)(3)(A).

23. The prerecorded robocalls described above to Nelson's cell phone number, and the acts and omissions as to those calls described herein were deliberate and conscious acts or omissions.

24. The prerecorded robocalls to Nelson were willful or knowing as those terms are defined in the Communications Act of 1934 and administered by the FCC.  Therefore it is within the Court's

discretion to award Nelson up to three times the available statutory damages as prescribed under 47 USC § 227(b)(3).

**WHEREFORE**, Nelson, prays for judgment against Defendant as follows, and per violation:

1.      A permanent injunction enjoining Defendant from initiating calls that are automatically dialed or which deliver a prerecorded message to any telephone number assigned to a cellular telephone service without the called party's prior express written permission.

2.      The greater of actual or statutory damages and for these damages to be trebled under the TCPA (if statutory damages are greater this will result in damages of $1500.00 per violation);

3.      Court costs;

4.      Attorneys' fees; and

5.      Such other relief as may be deemed appropriate by the Court.

Respectfully submitted,

HUMPHREYS WALLACE HUMPHREYS, P.C.

By: __/s/ Paul Catalano_____
         David Humphreys, OBA #12346
         Luke Wallace, OBA #16070
         Paul Catalano, OBA #22097
         9202 S. Toledo Avenue
         Tulsa, OK  74137
         (918) 747-5300 / (918) 747-5311 –fax

**Jury Trial Demanded**
**Attorney Lien Claimed**